UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Criminal Case No. 04-80345
                                       (Civil Case No. 08-11203)

FRANKLIN MAURICE WILLIAMS,        Honorable Patrick J. Duggan

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 20, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Presently before the Court is Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed March 19, 2008. The Government filed a response to the motion on December 9, 2008. For the reasons that follow, the Court denies Defendant's motion.

**Background**

City of Detroit police officers arrested Defendant on April 3, 2004, and he subsequently was arraigned in state court on various state court offenses relating to his possession of a Ruger 9mm handgun and ammunition when he was arrested. A

preliminary examination was scheduled in state court for April 19, 2004, and on that date Defendant met the attorney appointed to represent him.  According to Defendant, he asked his state court defense counsel at the time about the "Project Safe Neighborhood" initiative.  Defendant represents that his attorney indicated that he knew nothing about the program and that such a program did not exist.  When the state court called Defendant's case, Defendant learned that the state court charges were being dismissed and he then was taken into federal custody on a federal complaint charging him with being a Felon in Possession of a Firearm Following Three Serious Felony Offense Convictions in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

On July 26, 2004, following a two day trial before this Court, a jury found Defendant guilty of the charged offense.  On November 15, 2004, this Court sentenced Defendant to a term of imprisonment of 188 months.  Defendant filed a direct appeal contending that he was entitled to resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), and that he was denied a fair trial due to prosecutorial misconduct.  The Government conceded that Defendant was entitled to resentencing in light of *Booker*, thus the Sixth Circuit Court of Appeals only addressed Defendant's second argument.

On December 11, 2006, the appellate court issued an opinion in which it rejected Defendant's claim that he was denied a fair trial.  The court, therefore, affirmed Defendant's conviction, but vacated Defendant's sentence in light of *Booker* and remanded the matter for resentencing.  *United States v. Williams*, No. 04-2509 (6th Cir.

2

Dec. 11, 2006) (unpublished opinion).  On March 14, 2007, on remand, this Court sentenced Defendant to a term of imprisonment of 180 months.  Defendant then filed the pending motion.

### Defendant's Arguments in Support of His Motion

In his motion, Defendant first argues that the district court lacked subject matter jurisdiction to adjudicate his case because the felon in possession statute, 18 U.S.C. § 922(g)(1), is unconstitutional on its face and as applied to Defendant.  More specifically, Defendant argues that Congress exceeded its authority when it enacted the statute because there is an insufficient connection with interstate commerce.  Alternatively, Defendant argues that the statute is unconstitutional as applied to him because there was an insufficient nexus in his particular case.  Defendant also argues that his trial counsel was ineffective due to his failure to raise these issues.

Next, Defendant argues that his trial counsel was ineffective due to his failure "to advocate that his federal indictment should be dismissed based on the ineffective assistance of [his] state court attorney, who failed to ensure [Defendant] received the benefit of the Project Safe Neighborhood Initiative."  (Doc. 38 at 5.)  In support of this argument, Defendant relies on *United States v. Morris*, 377 F. Supp. 2d 630 (E.D. Mich. 2005), *aff'd in part and rev'd in part*, 470 F.3d 596 (6th Cir. 2006).

**Analysis**

With respect to Defendant's challenges to 18 U.S.C. § 922(g)(1), his arguments are foreclosed by decisions of the United States Supreme Court and the Sixth Circuit.

The Sixth Circuit directly addressed the constitutionality of § 922(g)(1) in *United States v. Turner*, 77 F.3d 887 (1996) and *United States v. Chesney*, 86 F.3d 564 (1996). In both cases, the court held that the jurisdictional provision requiring the government to prove that the firearm was possessed "in or affecting commerce" renders the felon in possession statute within the scope of Congress' Commerce Clause power. *Chesney*, 86 F.3d at 568 (citing *Turner*, 77 F.3d at 889). As the *Chesney* court noted, at the time of its decision, every circuit court of appeals that had considered the issue reached the same result. *Id*. (citing cases from the First, Second, Third, Fourth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits). The Fifth and D.C. Circuits have since joined all of the other circuits. *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996); *Fraternal Order of Police v. United States*, 173 F.3d 898, 907 (D.C. Cir. 1999).

With respect to the application of the statute to Defendant's case, the Supreme Court has held that the jurisdictional nexus in the felon in possession statute requires only "that the firearm have been, at some time, in interstate commerce." 431 U.S. 563, 574, 97 S. Ct. 1963, (1977). Defendant signed a stipulation which was entered into evidence at his trial in which he stipulated that the firearm at issue "was not manufactured in the State of Michigan, and therefore, traveled in and affected interstate commerce." (7/23/04 Trial Tr. at 70-71.) Such a stipulation is sufficient evidence to satisfy § 922(g)(1)'s "in or

4

affecting commerce" requirement. *Chesney*, 86 F.3d at 572.

Based on the above, the Court also concludes that Defendant's ineffective assistance of counsel claim premised on his trial counsel's failure to challenge the constitutionality of § 922(g)(1) lacks merit.  To establish ineffective assistance of counsel, Defendant must demonstrate "that [his] counsel's performance was deficient and that the deficient performance was prejudicial." *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1985)). The Sixth Circuit has held that defense counsel cannot be deemed deficient for failing to make a futile objection or motion.  *See McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996) ("It is not ineffective assistance to fail to raise erroneous claims.") In light of the above-cited case law and Defendant's stipulation at trial, any motion challenging the constitutionality of § 922(g)(1) by Defendant's attorney would have been futile.

The Court also finds no merit to Defendant's ineffective assistance of counsel claim based on his trial counsel's failure to seek a dismissal of the federal indictment due to the alleged ineffective assistance of counsel of Defendant's state court attorney.  In support of this ground for relief, Defendant relies on *United States v. Morris*, 470 F.3d 596 (6th Cir. 2006).  This reliance, however, is misplaced.

In *Morris*, state and federal authorities undertook a cooperative effort to investigate and prosecute the defendant through Project Safe Neighborhoods.  470 F.3d at 598.  On the day of the defendant's preliminary examination, the state extended a plea

offer to him.  *Id*.  The district court and the court of appeals found significant evidence in the record that the United States Attorney's Office made itself a party to the state court plea offer because it was involved in deciding whether the plea offer would be made available to the defendant and the offer included an agreement that the defendant would not be prosecuted in federal court.  *Id*. at 600.  The defendant rejected the offer based on erroneous advice from state counsel regarding the sentence he could face if he was indicted and found guilty in federal court.  *Id*. at 598-99.  The Sixth Circuit held that the defendant was denied the effective assistance of counsel during the state proceedings due to counsel's erroneous advice.  *Id*. at 600.  The court further held that, in light of the federal prosecutor's entanglement in the state plea process, the district court was justified in enforcing the plea offer against the government based on traditional principles of contract law, thereby putting the defendant back in the position he would have been but for the denial of his right to counsel.  *Id*. at 600-01.

Defendant's case clearly is distinguishable from *Morris*.  First, there is no evidence that a plea offer ever was extended to Defendant in the state court.  Second, there is no evidence that the United States Attorney's Office was in any way "entangle[d]" in the state court proceedings.  Finally, and perhaps most importantly, Defendant fails to allege any conduct by his state court attorney suggesting that he provided ineffective assistance.

## Conclusion

For the above reasons, this Court finds no basis for vacating, setting aside, or correcting Defendant's sentence pursuant to 28 U.S.C. § 2255.

6

Accordingly,

**IT IS ORDERED**, that Defendant's motion under § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Franklin Maurice Williams
#32637-039
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887

AUSA Susan E. Gillooly